# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-24163-BLOOM/Louis

JACLYN CACERES and
XAVIER CACERES,

      Plaintiffs,

v.

SCOTTSDALE INSURANCE
COMPANY,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiffs Jaclyn Caceres and Xavier Caceres's (collectively, "Plaintiffs") Motion to Remand, ECF No. [12] ("Motion"). Defendant Scottsdale Insurance Company ("Defendant") filed its Response in Opposition, ECF No. [17] ("Response"), to which Plaintiffs replied, ECF No. [18] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions and related exhibits, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I.   BACKGROUND

The facts giving rise to the instant action are as follows. The parties entered into an insurance contract, bearing Policy Number DFS1139525, which was effective from September 11, 2016, to September 11, 2017 ("2017 Policy"). ECF No. [1-3] ¶ 5; ECF No. [17-1] at 2, ¶ 6. On September 10, 2017, Hurricane Irma struck South Florida and damaged Plaintiffs' home. ECF No. [1-3] ¶ 7. Plaintiffs notified Defendant of the loss pursuant to the 2017 Policy. *Id.* ¶¶ 5-7. Defendant assigned Claim Number 01787768 to this loss. ECF No. [17-1] at 2, ¶ 8. On November 10, 2017, Defendant issued Plaintiffs a check in the amount of $10,975.00, listing the Claim Number

1787768. ECF No. [1] ¶ 7; ECF No. [17-3]. The 2017 Policy also carried a wind deductible in the amount of $5,853.68. ECF No. [1] ¶ 7.

The parties later renewed their insurance contract under the same Policy Number DFS1139525, which was effective from September 11, 2018, to September 11, 2019 ("2019 Policy"). ECF No. [17-1] at 2, ¶ 7. In mid May 2019, under this subsequent 2019 Policy, Plaintiffs reported a separate claim for property damage due to heavy rain and roof collapse, to which Defendant assigned the Claim Number 01893418. *Id.* at 2, ¶ 10. On June 12, 2019, Defendant issued Plaintiffs a check in the amount of $7,975.04, for Claim Number 01893418. *Id.* at 2, ¶ 11; ECF No. [12-2].[1]

Prior to this action being filed, on June 22, 2019, Plaintiffs presented Defendant with a repair estimate in the amount of $91,862.51. ECF No. [1] ¶ 8; ECF No. [1-2]; ECF No. [12-4]. This estimate listed September 10, 2017, as the date of loss, but listed the Claim Number 01893418. ECF No. [12-2]. The repair estimate covered the estimated damages for both the claim under Claim Number 01787768 and Claim Number 01893418. *See* ECF No. [17-1] at 5-6; ECF No. [17-2]; ECF No. [17-4]; ECF No. [18] at 5; ECF No. [18-6] ¶¶ 5-6.

On September 5, 2019, Plaintiff commenced this action by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1]. Defendant was served with process on September 19, 2019. ECF No. [1] ¶ 3. Plaintiffs' Complaint generally alleges that they are seeking damages in excess of $15,000.00. ECF No. [1-3] ¶ 1. On October 9, 2019, Defendant removed the state court action to federal court, pursuant to 28 U.S.C. § 1332. ECF No. [1] ("Notice"). Defendant indicated that the parties to this action are completely

---

[1] In their Complaint, Plaintiffs state the claim number relevant to the Hurricane Irma property damage as Claim Number 01893418. ECF No. [1-3] ¶ 5. However, the exhibits attached to Defendant's Response indicate that Claim Number 01787768 corresponds to a claim with a date of loss of September 10, 2017, whereas Claim Number 01893418 corresponds to a claim with a date of loss of May 13, 2019. *See* ECF No. [17-1] at 2-3, ¶¶ 6-11, 14; *id.* at 5-6; ECF No. [17-2]; ECF No. [17-4].

diverse and the amount in controversy in this case is $75,033.83, based on the $91,862.51 repair estimate minus the $10,975.00 check paid and the $5,853.68 wind deductible. *Id.*

Plaintiffs now file the instant Motion seeking to remand this action back to the Circuit Court, arguing a lack of diversity jurisdiction, although the parties are citizens of different states, because the amount in controversy does not exceed $75,000.00. *See generally* ECF No. [12]. Specifically, Plaintiffs argue that this Court lacks diversity jurisdiction because (1) Defendant cannot use a pre-suit damage estimate as a basis for establishing the amount in controversy, and (2) even using the pre-suit damage estimate, Defendant failed to account for the second check paid to Plaintiffs, which would decrease the amount in controversy from $75,033.83 to $67,058.79. *See generally id.* Plaintiffs also request an award of attorney's fees incurred as a result of the allegedly improper removal. *Id.* at 11-12.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether a subject matter jurisdiction exists, the Court must focus on the amount in controversy *at the time of removal*, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015).

"To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Williams*, 269 F.3d at 1319).

"Removal is a matter of federal right," but on a motion to remand, "'ambiguities are generally construed against removal.'" *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979);[2] *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Nonetheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

## III. DISCUSSION

The instant Motion seeks to remand this action because Plaintiffs contend that the $75,000.00 amount in controversy has not been met. Defendant takes the contrary position.

At the outset, the Court notes that district courts may properly consider pre-suit demands in evaluating whether a case has been properly removed. *See, e.g.*, *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009). Thus, the Court may consider Plaintiffs' pre-suit estimate of repairs in determining whether this case has been properly removed.

Further, on the merits, the parties voice substantial disagreement as to many of the facts relevant to the instant Motion, and the Eleventh Circuit has stressed that in "matters concerning removal and remand . . . 'it is axiomatic that ambiguities are generally construed against removal.'" *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (quoting *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979)). Specifically, the parties submit contrary arguments regarding whether the 2019 claim number reflected subsequent, continuing damage from the initial loss after Hurricane Irma, or whether this subsequent claim was for losses independent of those sustained in 2017. Likewise, the parties disagree as to which check amounts should be subtracted from the $91,862.51 repair estimate in determining the applicable amount in controversy.

It is undisputed, however, that Plaintiffs' total estimate of damages for the claims from both the September 10, 2017, loss and the May 13, 2019, loss amounted to $91,862.51. Likewise, the parties have indicated that Defendant issued two checks to Plaintiffs for the September 10, 2017, and May 13, 2019, losses, one in the amount of $10,975.00 in connection with the 2017 claim and one in the amount of $7,975.04 in connection with the 2019 claim. Additionally, the parties agree that the wind deductible of $5,853.68 was applied to the 2017 claim. Thus, regardless

of whether the 2017 and 2019 claims should have both been included under the same claim number, it is clear to this Court that the amount in controversy in this case, which is based upon the *combined* $91,862.51 damage estimate, necessarily must account for *all* payments and deductibles applied in connection with the 2017 and 2019 claims. Thus, the amount in controversy in the instant action is $67,058.79. It would defy logic to permit Defendant to use a combined total estimate of damages that includes damages for an allegedly unrelated claim of loss to satisfy the amount in controversy requirement for federal diversity jurisdiction, while ignoring payments made to Plaintiffs to reduce the damages from the same allegedly unrelated claim of loss.

Defendant also argues that the amount in controversy requirement has been satisfied because Plaintiffs seek to recover attorney's fees and costs in this litigation pursuant to Florida Statutes § 627.428, which, through trial, could easily exceed the remaining $7,941.21 needed to establish the amount in controversy under Plaintiffs' interpretation. "The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). However, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).

Although the Eleventh Circuit has explained that, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy," *Morrison*, 228 F.3d at 1265, it has not yet clarified whether the amount of attorney's fees included in the amount in controversy is the amount accrued at the time of removal or the prospective

amount of attorney's fees required to litigate the entire case. In fact, this issue of including statutory attorney's fees in the amount in controversy has caused a split in district courts within the Eleventh Circuit. *See Bender v. GEICO Gen. Ins. Co.*, No. 8:17-cv-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017) (discussing the divide among courts in this Circuit "over whether to include the projected amount of attorney's fees or only attorney's fees as of the time of removal" (citations omitted)); *Brown v. Am. Exp. Co., Inc.*, No. 09-61758-CIV, 2010 WL 527756, at *7 (S.D. Fla. Feb. 10, 2010) (discussing the "[c]onflicting case law [that] exists as to whether the amount of attorney's fees for the amount-in-controversy analysis should be calculated as of the date of removal or through the end of the case" (citations omitted)).

Despite this split, many district courts across Florida have calculated these statutorily authorized attorney's fees as those accrued at the time of removal, especially in determining whether federal jurisdiction exists.[3] This conclusion is in line with Eleventh Circuit precedent establishing that "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*. . . . That plaintiff *might* ask for or recover more after removal is not sufficient to support jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (citations omitted). In addition, calculating attorney's fees as of the time of removal comports with "the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset." *Lott & Friedland, P.A.*, 2010 WL 2044889, at *4 (citing *Rogatinsky*, 2009 WL 3667073, at *3 ("post-removal events . . . will not retroactively establish subject-matter jurisdiction.")); *Waltemyer*, 2007 WL 419663, at *2 ("While

---

[3] *See Frisher v. Lincoln Benefit Life Co.*, No. 13-20268-CIV, 2013 WL 12092525, at *2 (S.D. Fla. Aug. 19, 2013); *Gold v. Traveler Indemnity Co.*, No. 12-80036-CIV, 2012 WL 13019199, at *2 (S.D. Fla. Mar. 29, 2012); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, No. 10-20052-CV, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010); *Rogatinsky v. Metropolitan Life Ins. Co.*, No. 09-80740-CIV, 2009 WL 3667073, at *3 (S.D. Fla. Oct. 26, 2009); *Waltemyer v. Nw. Mut. Life Ins. Co.*, No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007).

attorney fees through the conclusion of the litigation are included when the action is filed initially in federal court, there is no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction." (citing *Morrison*, 228 F.3d at 1265; *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000))).

Therefore, the Court concludes that the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal. *Gold*, 2012 WL 13019199, at *2 ("The Seventh Circuit in *Gardynski-Leschuck v. Ford Motor Company*, considered this issue and ruled that the amount in controversy calculation should not include 'the value of legal services that have not been and may never be incurred' because the amount of legal fees are not 'in controversy' until they are accrued." (quoting *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998))). Here, Defendant presents no evidence to establish that Plaintiffs have accrued $7,941.21 in attorney's fees as of the time of this removal. As such, Defendant has failed to satisfy its burden of establishing that the amount in controversy in this case exceeds $75,000.00. *Coffey*, 994 F. Supp. 2d at 1283 ("A removing defendant bears the burden of proving proper federal jurisdiction."). Therefore, the Court concludes that it does not have subject-matter jurisdiction over the instant action.

Regarding Plaintiffs' request for attorney's fees incurred as a result of this removal, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The United States Supreme Court has explained that courts are generally permitted to award attorney's fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a

given case." *Id.* (citations omitted). "When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.*; *see also Milwaukee v. Cement Div., National Gypsum Co.*, 515 U.S. 189, 196, n.8 (1995) ("[A]s is always the case when an issue is committed to judicial discretion, the judge's decision must be supported by a circumstance that has relevance to the issue at hand"). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Here, Plaintiffs' Complaint seeks redress for losses sustained on September 10, 2017, as a result of Hurricane Irma, yet it alleges the claim number assigned in connection with the damage to Plaintiffs' property that was sustained on May 13, 2019. ECF No. [1-3] ¶¶ 5, 7. These inconsistent references are also present in Plaintiffs' repair estimate. ECF No. [1-2]. Nevertheless, as the exhibits to Defendant's Response indicate, Defendant was aware that the repair estimate included damages and repairs from both claims prior to removing the case. ECF No. [17-1] at 5-6. As such, Defendant should have known to account for the payment made in connection with the 2019 claim when using Plaintiffs' estimate of repairs as the basis for establishing the amount in controversy requirement for diversity jurisdiction. The Court concludes that Defendant did not have an objectively reasonable basis for removal under these circumstances. Therefore, Plaintiffs' request for an award of attorney's fees and costs incurred as a result of this removal is granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand, **ECF No. [12]**, is **GRANTED**.

2.  Defendant is required to pay Plaintiffs' "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447.

3.  This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

4.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

5.  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record