**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-24163-BLOOM/Louis**

JACLYN CACERES and
XAVIER CACERES,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## **OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon Plaintiffs Jaclyn Caceres and Xavier Caceres's (collectively, "Plaintiffs") Motion for Reconsideration, ECF No. [29] ("Motion for Reconsideration"), and Plaintiffs' Motion to Amend Motion for Attorney's Fees, ECF No. [30] ("Motion to Amend"), (collectively, the "Motions"). Despite the indication in each motion's certificate of good-faith conferral that the issues raised could not be resolved by agreement between the parties, *see* ECF No. [29] at 12; ECF No. [30] at 8, Defendant Scottsdale Insurance Company ("Defendant") did not submit a response to either motion. The Court has reviewed the Motions, all supporting submissions and related exhibits, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Amend is granted, and the Motion for Reconsideration is denied as moot.

This action was originally filed in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, ECF No. [1-1], and was removed to federal court on October 9, 2019, ECF No. [1]. On December 5, 2019, this Court granted Plaintiffs' Motion to Remand and ordered Defendant to pay Plaintiffs' "just costs and any actual expenses, including attorney fees,

incurred as a result of the removal." 28 U.S.C. § 1447. As a result, on January 31, 2020, Plaintiffs filed a Motion for Attorney's Fees, ECF No. [25], which the Court denied for the lack of a proper conferral under the Local Rules, ECF No. [28]. Plaintiffs now file the instant Motions requesting that this Court reconsider its previous order denying the Motion for Attorney's Fees and seeking leave to amend the Motion for Attorney's Fees. The Court will address the Motion to Amend first, as it resolves all issues raised.

Plaintiffs' Motion to Amend requests leave to file an Amended Motion for Attorney's Fees, ECF No. [30] at 10-15, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1. As an initial matter, Plaintiffs' request for the relief sought pursuant to Rule 15(a)(2) and Local Rule 15.1 appears to be misdirected, as both of these rules govern amendments to *pleadings*. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."); S.D. Fla. L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion in the manner prescribed by Section 3I(1) of the CM/ECF Administrative Procedures. Any amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. When a motion to amend is granted, the amended pleading shall be separately filed and served forthwith."); *see also* Fed. R. Civ. P. 7 (distinguishing between "pleadings" and "motions"). "Because Rule 15 applies only to pleadings, Rule 15 does not require leave to amend motions." *Ohio Nat. Life Ass. Corp. v. Langkau*, No. 3:06-cv-290-J-33MCR, 2007 WL 2320595, at *1 (M.D. Fla. Aug. 10, 2007).

Nonetheless, this Court has the inherent power to manage its docket and thus may permit such an amendment where warranted. *See Burgess v. United States*, 874 F.3d 1292, 1301 (11th Cir. 2017) ("[The United States] Supreme Court has 'long recognized that a district court possesses

inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016))). In their Motion to Amend, Plaintiffs detail the efforts undertaken in attempting to comply with the conferral requirements of Local Rules 7.1(a)(3) and 7.3, explaining that the inadequate Rule 7.1(a)(3) conferral in their original Motion was due to excusable neglect, mistake, or inadvertence. The Court agrees and finds that permitting Plaintiffs to submit an Amended Motion for Attorney's Fees is justified here, especially given the lack of prejudice to Defendant. Therefore, the Motion to Amend is granted. As the Court will permit Plaintiffs to submit an amended motion, the Motion for Reconsideration is rendered moot. Moreover, because the Court does not believe that any hearing is required to resolve the issues presented in the instant Motions, Plaintiffs' request for a hearing in each Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Amend, **ECF No. [30]**, is **GRANTED**. Plaintiffs must separately refile the Amended Motion for Attorney's Fees, **ECF No. [30] at 10-15**, **by no later than March 3, 2020**.
2. Plaintiffs' Motion for Reconsideration, **ECF No. [29]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record